FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

97 JUL 30 AM 10: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| REGINALD LYNN STERLING, | ) |
| Petitioner, | ) |
| vs | ) CIVIL ACTION NO. 95-B-2611-NE |
| WARDEN ARNOLD HOLT, et al, | ) |
| Respondent(s). | ) |

ENTERED

JUL 3 0 1997

## MEMORANDUM OF OPINION

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the petitioner. The court will address the petitioner's statements, asserted in the objections, concerning those claims which the respondents assert were defaulted in state court. Those claims are double jeopardy; discrimination in the selection of the grand jury foreman; a *Batson* violation; ineffective assistance of trial counsel, i.e., the failure to make a double jeopardy objection on the ground that the first trial resulted in a mistrial, the failure to object to beginning the second trial without the court's again asking the petitioner for his plea to the charge, the failure to file pre-trial motions, and the failure to object to a jury instruction; and, last, ineffective assistance of appellate counsel for not raising some of the claims just stated. The Report and Recommendation did not address the merits of any of these claims because the petitioner acknowledged that they were defaulted. The defaults occurred when claims were untimely raised or appealed.

The petitioner's request that the defaulted claims be dismissed without prejudice, and his subsequent statement that he was waiving them, were addressed by the magistrate, *Report and Recommendation*, fn. 3; pursuant thereto, the petitioner, through his objections, now attempts to show cause and prejudice, as well as his actual innocence of the crime of which he was convicted, rape.[1] The court hereby states that the defaulted claims are not waived by the petitioner. The court expressly finds that those claims were defaulted.

In an attempt to show cause and prejudice,[2] petitioner Sterling states that his attorney rendered ineffective assistance. Procedurally defaulted claims of ineffective assistance of counsel cannot serve as cause to excuse a default of another claim. *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996). Ineffective assistance of counsel claims in Sterling's case were defaulted at least when the appeal of his first Rule 32 petition was dismissed as untimely filed. As to actual innocence, the petitioner merely states that he is innocent because of the merits of the claims he is now raising with this court and because the evidence against him was "weak." The court finds that the petitioner has shown neither cause and prejudice nor actual innocence and therefore the defaults stand.

The court has reached an independent conclusion that the Magistrate Judge's Report

---

[1] A claim that was defaulted in state court pursuant to a valid and independent state procedural rule cannot be considered in a federal habeas petition unless the petitioner shows cause for and prejudice from the default, or, failing that, actual innocence. *Smith v. Murray*, 477 U.S. 527, 537-38 (1986).

[2] A pro se petitioner is not exempted from the cause and prejudice requirement. "He must still show either that an objective factor external to himself caused him to default his claim, or that the defaulted claim raises an issue that was 'intrinsically beyond [a] pro se petitioner's ability to present.'" *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner's failure to act or think like a lawyer cannot constitute cause because he has no right to counsel in collateral proceedings. *Id.*

and Recommendation is due to be adopted and approved, with the additional statements of the court. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accordance with the magistrate judge's recommendation, and the court's additional statements and findings, the respondents' motion for summary judgment is due to be granted and this action is due to be dismissed. An appropriate order will be entered.

DONE, this 30th day of July, 1997.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN,
UNITED STATES DISTRICT JUDGE